1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RHONDA E.,

                    Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                  Defendant.

Case No. C20-5139-MLP

ORDER

## I.     INTRODUCTION

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred at steps two and four, in assessing her residual functional capacity ("RFC"), and in failing to discuss certain medical opinions. (Dkt. # 22 at 1.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.     BACKGROUND

Plaintiff was born in 1962, has a high school diploma and additional training in computerized business management, and has worked as an onsite property manager and

ORDER - 1

1  administrative assistant. AR at 188, 194. Plaintiff was last gainfully employed in July 2012. *Id*. at

2  194.

3       In September 2017, Plaintiff applied for benefits, alleging disability as of July 27, 2012.

4  AR at 173-74. Plaintiff's application was denied initially and on reconsideration, and Plaintiff

5  requested a hearing. *Id*. at 103-09, 111-17, 119-20. After the ALJ conducted a hearing in January

6  2019 (*id*. at 31-78), the ALJ issued a decision finding Plaintiff not disabled. *Id*. at 15-25.

7       Utilizing the five-step disability evaluation process,[1] the ALJ found:

8       Step one: Plaintiff has not engaged in substantial gainful activity between her alleged
        onset date and her date last insured ("DLI"), December 31, 2017.

9

10      Step two: Plaintiff has the following severe impairments: obesity, degenerative disc
        disease, and right knee degeneration and replacement.

11      Step three: These impairments do not meet or equal the requirements of a listed
        impairment.[2]

12

13      RFC: Plaintiff can perform a full range of work at all exertional levels, with the following
        restrictions: she can occasionally stand/walk, and cannot crouch, kneel, crawl, or climb
        ramps or stairs for more than 10% of a workday.

14

        Step four: Plaintiff can perform past relevant work as a secretary and property manager.

15

16  AR at 15-25.

17       As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the

18  Commissioner's final decision. AR at 1-6. Plaintiff appealed the final decision of the

19  Commissioner to this Court.

20                          **III.    LEGAL STANDARDS**

21       Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social

22  security benefits when the ALJ's findings are based on legal error or not supported by substantial

23
_____

[1] 20 C.F.R. § 404.1520.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.


ORDER - 2

1  evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a

2  general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the

3  ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)

4  (cited sources omitted). The Court looks to "the record as a whole to determine whether the error

5  alters the outcome of the case." *Id*.

6      "Substantial evidence" is more than a scintilla, less than a preponderance, and is such

7  relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

8  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th

9  Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical

10  testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d

11  1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may

12  neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v.*

13  *Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one

14  rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

15                          **IV.    DISCUSSION**

16      **A.    The ALJ Did Not Harmfully Err in Excluding Carpal Tunnel Syndrome as a
            Severe Impairment at Step Two**

17

18  The ALJ acknowledged that Plaintiff underwent testing for carpal tunnel syndrome after

19  her DLI, and found that the record shows only four months of complaints of finger tingling and

    numbness prior to the DLI. AR at 17. As a result, the ALJ found that Plaintiff's carpal tunnel
20

21  syndrome did not meet the regulatory definition of a severe impairment, but the ALJ nonetheless

    stated that he accounted for the degree of limitation that Plaintiff experienced during the
22

23  adjudicated period. *Id*. at 17-18.

1    Plaintiff disputes the ALJ's interpretation of the record, contending that her hand-related

2   complaints were of longer duration. (Dkt. # 22 at 17-18.) Notably, however, Plaintiff has failed

3   to dispute the ALJ's ultimate conclusion that the RFC assessment accounts for the degree of

4   limitation that Plaintiff experienced during the adjudicated period: she has not pointed to

5   evidence showing that she was more functionally limited by her carpal tunnel syndrome than the

6   ALJ found. This failure is fatal to her claim of harmful error at step two. *See Buck v. Berryhill*,

7   869 F.3d 1040, 1048-49 (9th Cir. 2017). Because Plaintiff has not shown that she was harmed by

8   the ALJ's step-two finding regarding carpal tunnel syndrome, the Court finds that Plaintiff has

9   not met her burden of proof as to this assignment of error.

10   **B.      The ALJ Harmfully Erred in Assessing Medical Opinion Evidence**

11    Plaintiff points to two medical opinions that the ALJ failed to explicitly discuss, written

12   by treating orthopedic surgeon Thomas Whatley, M.D., and treating physician Laura Kaufman,

13   M.D.

14    Dr. Whatley opined in February 2017 that he "believe[d] [Plaintiff] could work a

15   sedentary type job, with modifications to allow her to stretch out and move her knee on a regular

16   basis." AR at 1194. Dr. Kaufman offered several opinions prior to Plaintiff's knee replacement

17   surgery indicating that *inter alia* Plaintiff would require the ability to alternate between

18   sitting/standing/walking every 15-30 minutes. *See id*. at 267, 274, 632, 1031, 1042, 1052, 1062.

19    The ALJ did not discuss Dr. Whatley's opinion regarding Plaintiff's need to stretch/move

20   her knee, and the Commissioner contends that this error is harmless because Dr. Whatley

21   phrased his opinion in terms of what he "believe[d]" as opposed to what Plaintiff required. (Dkt.

22   # 26 at 6-7.) This argument is not persuasive: all medical opinions describe a provider's belief(s),

23   and nothing in the phrasing of Dr. Whatley's opinion reasonably suggests any hint of

1    equivocality. The Commissioner goes on to argue that even if the ALJ had included the

2    limitations described by Dr. Whatley, the sedentary job the ALJ identified at step four (secretary)

3    may not have been precluded. (*Id.*) But the vocational expert ("VE") was not asked whether

4    Plaintiff could have performed her past work if she was required to stretch out and move her

5    knee on a regular basis. *See* AR at 63-76. Thus, on this record, the Court has no basis to find that

6    the ALJ's failure to address Dr. Whatley's opinion was harmless.

7       The record also fails to establish that the ALJ's failure to address Dr. Kaufman's opinions

8    was harmless. The Commissioner argues that Dr. Kaufman's opinions regarding Plaintiff's need

9    to be able to change from sitting to standing/walking every 15-30 minutes may be consistent

10   with the ALJ's RFC assessment (dkt. # 26 at 7), but the ALJ's RFC assessment does not require

11   this alternating. Furthermore, the VE was not asked if Plaintiff's past jobs would have been

12   consistent with such a requirement. *See* AR at 63-76. Even if, as the Commissioner contends

13   (dkt. # 26 at 7), Plaintiff's past secretary job may have been able to accommodate such a

14   requirement as a "professional" occupation, the VE was not asked about this and therefore the

15   Court sees no evidence to support this speculation. On this record, the Court cannot find that the

16   ALJ's failure to address Dr. Kaufman's opinions was harmless.

17      For these reasons, this case should be remanded to allow the ALJ to explicitly address the

18   opinions of Dr. Whatley and Dr. Kaufman for the first time. Plaintiff made no showing that the

19   ALJ's errors would be more appropriately remedied by a remand for a finding of disability (dkt.

20   # 22 at 18), and thus the Court applies the ordinary remand rule. *See Treichler v. Comm'r of*

21   *Social Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).

22      **C.  The ALJ Should Reconsider Plaintiff's Need for a Cane**

23      The ALJ's RFC assessment does not reference Plaintiff's use of a cane. AR at 19.

1  Plaintiff argues that the ALJ erred in omitting this limitation, which is supported by the record.

2  (Dkt. # 22 at 3.) Plaintiff cites many parts of the record as support for this assertion, specifically

3  records predating her right knee replacement or records dating to the period where she was

4  recovering from surgery, but does not acknowledge that, as the ALJ found (AR at 22), Plaintiff

5  was walking well without the need of a cane three months after her knee replacement surgery.

6  *See, e.g.*, *id*. at 1164 (Plaintiff observed using cane in November 2016, but physical therapist

7  indicates she "does not really have to use cane because she is walking with normal pattern"),

8  1172 (Plaintiff walking well without cane in November 2016), 1176 (Plaintiff not using cane in

9  November 2016, continues to walk well), 1184-85 (Plaintiff not using cane in December 2016

10  and continues to walk well; discharged from physical therapy), 1189-90 (Plaintiff's gait is

11  slightly antalgic in December 2016 with no mention of assistive device; physician's assistant

12  opines she is capable of working "modified duty"), 1194 (Plaintiff has smooth, non-antalgic gait

13  in February 2017), 1195 (Plaintiff is walking well, with no cane, in February 2017), 1199-1200

14  (Plaintiff's gait normal, capable of working modified duty in March 2017), 1205 (Plaintiff can

15  walk without assistance in March 2017). Although the ALJ only cited one record showing that

16  Plaintiff was able to walk without a cane post-knee replacement surgery (*id*. at 22 (citing *id*. at

17  1184)), substantial evidence in the record nonetheless corroborates the ALJ's finding that

18  Plaintiff did not require the use of a cane throughout the entire adjudicated period.

19       Yet, there is also evidence that, with her providers' prescriptions, Plaintiff consistently

20  used a cane *before* her knee replacement surgery, and used a walker and a cane as she

21  recuperated from knee replacement surgery. *See, e.g.*, AR at 264-67, 271, 274, 325, 326, 332,

22  339, 340, 344, 345, 347, 348, 349-50, 434-35, 438, 441, 442, 491, 1099, 1112, 1122, 1129-30,

23  1134, 1144, 1148, 1153-54, 1159. The ALJ did not explain why he disregarded Plaintiff's use of

ORDER - 6

1    a cane during this time period, and although he speculated that even if Plaintiff needed a cane it

2    would not have limited her ability to perform her past work as a secretary or property manager,

3    the ALJ did not ask the VE any questions on this issue. *See id*. at 22, 63-76. On remand, the ALJ

4    shall provide further explanation for his conclusions as to Plaintiff's need for a cane throughout

5    the adjudicated period, and, if necessary, obtain VE testimony on the impact of any need for a

6    cane.

7            **D.      The Step-Four Findings Must be Reconsidered on Remand**

8            At step four, the ALJ relied upon the VE's testimony that Plaintiff could perform two of

9    her past jobs, secretary and property manager, as generally performed. AR at 24-25. Plaintiff

10   argues that the VE's testimony was inconsistent with the Dictionary of Occupational Titles'

11   definition of the property manager job (dkt. # 22 at 7-10) and that the ALJ erred in classifying

12   her work as a secretary as "substantial gainful activity" in light of her earnings record (dkt. # 22

13   at 10-11). The Commissioner did not address Plaintiff's arguments regarding the property

14   manager job, and argues that the ALJ could have relied on Plaintiff's testimony over her earnings

15   report when assessing the secretary job. (Dkt. # 26 at 8-9.)

16           Because the Court has found error in the ALJ's assessment of the medical opinion

17   evidence, the Court need not address the ALJ's step-four findings, because they should be

18   reconsidered on remand in light of the unaddressed medical opinions. The Court does note,

19   however, that the Commissioner made no attempt to the defend the ALJ's finding that Plaintiff

20   could perform her past work as a property manager, suggesting that the ALJ should reconsider

21   that finding on remand. Furthermore, given that the Commissioner defended the ALJ's findings

22   regarding the secretary job via assumptions regarding the ALJ's evaluation of the record (dkt.

23   # 26 at 8-9), the ALJ should on remand explicitly explain his resolution of the conflict between

1  Plaintiff's testimony and her earnings record, if the ALJ again finds at step four that Plaintiff

2  could perform her past work as a secretary.

3  **V.      CONCLUSION**

4  For the foregoing reasons, the Commissioner's final decision is REVERSED, and this

5  case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C.

6  § 405(g). On remand, the ALJ should consider the opinions of Drs. Whatley and Kaufman,

7  reconsider Plaintiff's need for a cane, and reconsider the step-four findings.

8  Dated this 8th day of January, 2021.

9

10  MICHELLE L. PETERSON
   United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

ORDER - 8